CHARLES F. DULIN, appellee, v. WASHINGTON NATIONAL INSURANCE COMPANY, appellant.

No. 51675.

(Reported in 135 N.W.2d 635)

1008

JUNE 8, 1965.

Shuttleworth & Ingersoll, of Cedar Rapids, for appellant.

Thomas L. Koehler, of Cedar Rapids, for appellee.

SNELL, J.—This is an action at law to recover commissions allegedly earned by an agent in the sale of insurance for defendant insurance company.

Defendant is an insurance company offering, among other kinds of insurance, group life, accident and sickness insurance.

Richard C. Heverly is a general agent of the company for Cedar Rapids and vicinity authorized to procure, personally and through agents of the company appointed by or assigned to the general agent, applications for various kinds of insurance, including group insurance.

In May 1961 plaintiff, then a student at Coe College, con-

tacted Mr. Heverly about employment of plaintiff as an insurance agent. Plaintiff took some training in the field of insurance but not in the specialty field of group insurance. His agent's qualification certificate issued by the State Commissioner of Insurance on August 14, 1961, did not cover group insurance. There is nothing in the record to show that he ever was licensed in that field. On August 1, 1961, plaintiff signed an "Agent's Contract" with defendant-company. The contract outlined the relationship of the parties thereto. It set forth the commissions to be paid plaintiff on the net cash premiums paid to the company on individual policies effected with the company by the agent.

Separate and different provisions and schedules of commissions related to group insurance.

Section 8B of the contract provided:

"Commissions will be paid during the first year and during each of the 9 subsequent years while such group insurance is in force at the rate provided in this Section so long as (1) the Agent is under contract with the Company and (2) the Agent is acceptable to and recognized as the Agent of Record by the group policyholder."

Section 8D provided:

"The commissions provided in this Section are to be the total commissions payable for group insurance and if it is found necessary by the Company to employ the services of assistants, sub-agents, and other persons in order to properly service the business and maintain it in force, the expense so incurred will be deducted from the commissions for group insurance otherwise payable hereunder."

Section 10A provided:

"The Agent will be entitled to commissions on insurance effected by him provided his name appears upon the application as writing agent. If any business is written jointly with another agent the commissions on such business shall be divided equally. In all cases where the Agent's claim to commissions is disputed, the Company shall have the right to decide and settle the dispute, and the decision of the Company shall be binding and conclusive."

Coincident with the Agent's Contract and supplemental thereto the parties signed a "Career Agent's Financing Agreement" under which plaintiff obtained monthly advance payment from the company of commissions to be earned under the Agent's Contract. Commissions earned were assigned to the company subject to later reconciliation.

Plaintiff started selling insurance and during the first month produced very well.

Plaintiff's then wife was employed by Cedar Rapids Block Company as a bookkeeper. She handled the payroll and insurance under the supervision and control of the general manager. The group insurance contract carried by Cedar Rapids Block Company was due for renewal within a few months. Plaintiff and his then wife conceived the idea that with inside information available this business might be procured for plaintiff's company. Plaintiff was not qualified in the field of group insurance. Instructions to ordinary agents were that when a prospect was sighted to call the specialist in group insurance. This was done. Contacts were arranged, conferences held and negotiations instituted. The actual negotiations and ultimate closing of the contract between Cedar Rapids Block Company and defendant insurance company were by Mr. Lawrence Becker, the general manager of Cedar Rapids Block Company, Mr. Heverly, the general agent of defendant, and the group insurance agent of defendant. Mr. Heverly, the general agent of defendant, participated throughout and plaintiff aided by arranging for meetings and getting inside information from his then wife as to competitive bids.

On May 1, 1962, after prolonged negotiations, defendant-company obtained the group insurance contract with Cedar Rapids Block Company. Premiums were based on the monthly payroll and were paid monthly. The agent's commission was based thereon and paid monthly.

Plaintiff, thinking that he would have a quicker cash income by selling insurance on a straight commission basis, withdrew from the Career Agent's Financing Agreement in February 1962 retroactive to November 15, 1961. For nonproduction of new

business plaintiff's Agent's Contract was canceled on November 6, 1962, effective 30 days later.

One of the reasons favoring defendant in closing the contract with Cedar Rapids Block Company was the availability of Mr. Heverly's general agency for servicing claims. The company previously having the insurance contract did not have a local representative. Plaintiff did not have an office, had other full-time employment and was not always available.

In signing the application for insurance with defendant the general manager of Cedar Rapids Block Company gave instructions that Mr. Heverly be the agent of record on the group policy. Mr. Heverly was thereafter so recognized. Plaintiff was never so recognized by the insured. The general manager of Cedar Rapids Block Company so testified and said his company would not deal with anyone related to an employee of the company.

As the premiums on the insurance policy were paid the agent's commissions were remitted by defendant-company to Mr. Heverly, the general agent of defendant, who had been designated by the insured as the writing agent.

The parties are not in agreement as to what commission should be paid plaintiff pursuant to subsequent conversations. It appears, however, that Mr. Heverly made periodic payments to plaintiff totaling $875.77. The U. S. Information Return for 1962 (plaintiff's Exhibit 7) shows payments to plaintiff during 1962 of $700. Canceled checks of Mr. Heverly to plaintiff in 1963 show additional payments of $175.77.

Relative to these payments plaintiff testified "All of these commissions would have been for the Cedar Rapids Block Company group case. * * * Mr. Heverly was not making any payment to me and my wife during this period other than the commission checks for the Cedar Rapids Block group case. * * * These payments all were made as a result of the Cedar Rapids Block Company deal."

I. This is a law action tried to the court. The trial court's findings of fact are binding on us if supported by substantial evidence. Rule 344(f)1, Rules of Civil Procedure. The trial court found that the employment contract between the

plaintiff and defendant was in full force and effect at the time of the transaction. The court then found "that Mr. Richard Heverly, defendant's agent, contributed equally with the plaintiff in the sale of the group policy and that this sale was the result of a joint effort of the plaintiff and another agent of the defendant.

"The employment contract executed on August 1, 1961, continued in effect until it was properly terminated by United States mail effective the 6th day of December, 1962. The plaintiff's employment, therefore, ended on this date and, by the terms of said contract, he became ineligible for any further commission payments.

"On page 8 of the agent's contract, under Section 10 entitled 'General Provisions', paragraph 'A' thereof states as follows: 'If any business is written jointly with another agent the commissions on such business shall be divided equally.' As the Court has found that the insurance purchased by the Cedar Rapids Block Company was sold through the joint efforts of the plaintiff and the defendant's agent, Mr. Richard C. Heverly, the Court finds that the commission payable for said sale should be divided equally between Charles F. Dulin and Richard C. Heverly pursuant to said provision and that the plaintiff is entitled to one half of the selling commission payable under Section 8 of the agent's contract; that is, the commission from May 1, 1962, to December 6, 1962."

This finding is supported by the evidence and is binding on us. The court computed the entire commission for the period and the one half found due plaintiff and rendered judgment against defendant in the sum of $816.96.

▮ II. The court refused to allow credit for the amounts paid plaintiff for the reason "no setoff is pleaded."

In the pleadings defendant did not plead a setoff, but under the issues as tried and the evidence this was not fatal. In Division I of defendant's answer it was claimed that the payments made to plaintiff were by Mr. Heverly and not by defendant and it was denied that the payments were commission for the procurement of a group insurance policy.

In Division II of the answer it was said "That any payments

made to plaintiff as alleged in paragraph 8 of his petition were paid to him by Richard C. Heverly, the agent of defendant who in fact wrote the policy in question, as a gratuitous 'finder's fee' at Richard C. Heverly's pleasure."

Defendant also denied any liability to plaintiff under his employment contract because commissions were to be paid only to an agent acceptable to and recognized as the agent of record by the group policyholder and plaintiff was not such a person. Plaintiff was not even licensed to sell group insurance. It is clear plaintiff was not the agent designated and recognized by the policyholder. However, we need not discuss or determine the rights and liabilities of the parties under these provisions of the employment contract quoted supra, nor the law relative thereto.

Section 10 of the employment contract, also quoted supra, provided for division of the commission between participating agents and under this provision the court found plaintiff entitled to one half of the commission. Under this finding the question of the policyholder's nonrecognition of plaintiff as the writing agent was unimportant. Plaintiff might be entitled to a "finder's fee" (a term used by defendant in the pleading) or a participating agent's share without designation by the policyholder.

Plaintiff pleaded that he was entitled to commissions on the sale of insurance to Cedar Rapids Block Company. The trial court found that under his contract with defendant plaintiff was entitled to commissions in the total sum of $816.96.

Plaintiff pleaded that he had been partially paid. He testified that the payments received were for credit on the commissions due him incident to the sale to Cedar Rapids Block Company. The evidence shows without contradiction that these payments totaled $875.77. The payments made were in excess of the original amount found due. Plaintiff's claim fails for want of any proof that there were any sums still due him.

When the uncontroverted evidence shows that there has been paid on the account more than the court found plaintiff entitled to plaintiff's case falls of its own weight and any dissimilarity between defendant's pleading and the actual proof is of no importance.

1014

Defendant moved for leave to amend its answer to conform to the proof. The motion was overruled.

In the light of plaintiff's own testimony as to payments this was error.

The trial court erred in failing to credit defendant with payments admittedly made. Nothing remains for determination in event of remand.

The case is—Reversed.

All JUSTICES concur.